**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JENELLE NEAL,**

        **Plaintiff,**

v.                                                                         **Case No: 6:18-cv-937-Orl-DCI**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

**MEMORANDUM OF DECISION**

Jenelle Neal (Claimant) appeals the Commissioner of Social Security's final decision denying her application for disability benefits and supplemental security income. Doc. 1. Claimant argues that the Administrative Law Judge (ALJ) failed to apply the correct legal standard with regard to two physicians' opinions. Doc. 17 at 14, 22. Claimant requests that the case be remanded for further proceedings. *Id.* at 26. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED**.

**I.     PROCEDURAL HISTORY.**

This case stems from Claimant's application for a period of disability and disability insurance benefits and supplemental security income. Doc. 17 at 1. Claimant alleged a disability onset date of January 2, 2009. *Id.* The claims were denied initially and upon reconsideration. *Id.* A hearing was conducted and on August 29, 2017, the ALJ found that Claimant was not disabled and issued an unfavorable decision. *Id.*; R. 12-27.

## II. THE ALJ'S DECISION.

In the decision, the ALJ found that Claimant has the following severe impairments: morbid obesity, knee degenerative joint disease, gastritis, affective disorder, and anxiety disorder. R. 18. The ALJ further found that Claimant does not have an impairment or combination of impairments that meets or medically equals any listed impairment. *Id*.

The ALJ held that Claimant has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) and 20 C.F.R. § 416.967(b) with the following specific limitations:

> She can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but never ladders, ropes, or scaffolds; avoid: work at heights, work with dangerous machinery, constant vibration, and constant temperatures over 90 degrees Fahrenheit and under 40 degrees Fahrenheit. Work tasks should be simple 1 to 3 steps, performed independently and repetitively with no interaction with public and only occasional interaction with co-workers and supervisors.

R. 20.

The ALJ concluded that Claimant was unable to perform her past relevant work. R. 25. The ALJ determined that considering Claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy. R. 26. The ALJ ultimately found that Claimant "has not been under a disability, as defined in the Social Security Act, from January 2, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g))." R. 27.

## III. STANDARD OF REVIEW.

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards, and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotations omitted). The Commissioner's findings of fact are conclusive if they are supported by

substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV.     ANALYSIS

Claimant contends that the ALJ did not apply the correct legal standard with respect to Dr. Perdomo's opinion. Doc. 17 at 14. Because the Court agrees that the ALJ erred, it will not review Claimant's second argument relating to Dr. Pena's opinion. Claimant's first argument for assignment of error is really threefold because she asserts that the ALJ misstated the record, failed to state the weight of Dr. Perdomo's opinion, and failed to address her need for an assistive device.

Specifically, Claimant contends that the ALJ misstated the record with respect to the lifting restriction in Dr. Perdomo's opinion. In *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983), the Eleventh Circuit held that an ALJ's misstatement of fact is harmless error if it does not affect the ALJ's conclusion. Conversely, courts in this district have found that if the ALJ makes a misstatement of fact that is material or integral to the ALJ's ultimate decision, then the misstatement is not harmless, and remand may be warranted. *See Bissinger v. Comm'r of Soc. Sec.*, 2014 WL 5093981, at *5-6 (M.D. Fla. Oct. 9, 2014) (finding that the ALJ's misstatement of fact was not harmless) (citations omitted); *see also White v. Comm'r of Soc. Sec.*, 2010 WL

3467413, at *15-16 (M.D. Fla. Aug. 3, 2010) (finding that the ALJ's decision was not supported by substantial evidence because the ALJ misstatement of fact substantially affected the ALJ's ultimate conclusion), *report and recommendation adopted*, 2010 WL 3448617 (M.D. Fla. Sept. 1, 2010); *but see Washington v. Astrue*, 2009 WL 2949034, at *14 (M.D. Fla. Sept 14, 2009) (finding that the ALJ made a material misstatement of fact, but that a single erroneous statement by the ALJ did not require remand) (citation omitted).

Claimant states that on July 9, 2014, she presented to Dr. Perdomo for a consultative physical evaluation at the request of the Office of Disability Determinations. *Id*. at 14. Dr. Perdomo made this recommendation:

> Review of limited medical record shows x-ray of the lumbosacral spine done three years ago with no abnormal findings. No records of x-ray and/or MRI of the left knee were available for review as these will be helpful for further evaluation. She would benefit from weight loss, as well as, more aggressive physical therapy and home exercise program for lower back and knee conditioning. [Claimant] can stand and walk for 1-2 hours a day in an eight-hour workday with normal breaks, although she should be allowed to use a cane for ambulation at all times. She can sit for eight hours a day in an eight-hour workday with normal breaks. *She can occasionally lift and carry, but should limit the weight lifting to no more than 10-15 pounds to minimize mechanical weightbearing injury on her left knee.* She should also avoid squatting, kneeling or repetitive stair climbing. No manipulative limitations were seen.

R. 496 (emphasis added).

The ALJ's discussion of Dr. Perdomo's evaluation is as follows:

> Dr. Alex Perdomo, a consultative examiner, opined claimant would benefit from weight loss and aggressive physical therapy and a home exercise program for lower back and knee conditioning. Dr. Perdomo opined claimant could stand and walk for 1 to 2 hours a day in an 8 hour workday with normal breaks, and use a cane for ambulation. Claimant could sit 8 hours a day, with normal breaks, occasionally lift and carry 10 to 15 pounds because of impact on her knee. She should not squat, kneel or climb stairs repetitively. There were no manipulative limitations. (Ex. 8F). *Certain aspects of Dr. Perdomo's opinion are consistent with the residual functional capacity above, e.g. occasional stair climbing, lifting restrictions, etc.* However, the undersigned points out that Dr. Perdomo is an examining physician and only saw the claimant once when he issued his opinion.

R. 21 (emphasis added).

Relevant to Claimant's assignment of error, the ALJ determined that Dr. Perdomo's lifting restriction was consistent with the RFC's "light work" determination. But this is not so. The RFC provides that Claimant can perform "light work," which involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. §§ 404.1567(b), 416.967(b). However, in Dr. Perdomo's opinion, Claimant should be restricted to occasional lifting and carrying of no more than 10 to 15 pounds. Since "light work" permits *frequent* lifting of 10 pounds, it is inconsistent with her ability to only *occasionally* lift the same weight within Dr. Perdomo's allowable range.

As such, instead of relying on Dr. Perdomo's actual opinion when the ALJ found the lifting limitation to be consistent with the RFC, she misinterpreted or misapplied the facts. Central to the determination of a claimant's ability to work is what the person can do despite limitations. *See Winschel*, 631 F.3d at 1178-79. Since the ALJ's ultimate conclusion about Claimant's lifting limitations, as stated in the RFC, is based on mischaracterized medical opinion, the error is material and necessitates reversal. *See Quanstrom v. Comm'r of Soc. Sec.*, 2016 WL 11469164, at *7 (M.D. Fla. Jun. 23, 2016) (nature and scope of ALJ's mischaracterizations of an opinion led to error that required reversal where ALJ's decision was not supported by substantial evidence.).

Closely related to Claimant's argument that the ALJ misstated the record is the ALJ's failure to weigh Dr. Perdomo's opinion. *See* Doc 17 at 17. When determining a claimant's RFC, the ALJ must consider all relevant evidence, including medical opinions of treating, examining and non-examining medical sources." *See* C.F.R. 404.1545(a)(3). The ALJ must review a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's

relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. § 404.1527(c). The ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned to each opinion. *Winschel*, 631 F.3d at 1179.

The failure to state the weight with particularity or articulate the reasons in support of the weight prohibits the Court from determining whether the ultimate decision is rational and supported by substantial evidence. *Id.* However, the failure to weigh a medical opinion will, in certain circumstances, result in harmless error. *See Wright v. Barnhart*, 2005 WL 2888189, at *5 (11th Cir. 2005) ("Although the ALJ did not explicitly state what weight he afforded the opinions of [several physicians], none of their opinions directly contradicted the ALJ's findings, and, therefore, any error regarding their opinions is harmless.").

Here, Claimant is correct that the ALJ failed to assign weight to Dr. Perdomo's opinion. The Commissioner concedes this to be true but argues that the error was harmless. Doc. 17 at 17. The Court disagrees. As discussed, the RFC allows lifting that would otherwise be prohibited by Dr. Perdomo's recommendation. Dr. Perdomo's opinion clearly conflicts with the ALJ's ultimate finding that Claimant can perform "light work" with no further lifting restrictions. This constitutes reversible error.

Further, while the ALJ does not state the weight, it appears that she implicitly rejects Dr. Perdomo's opinion to the extent that it is inconsistent with the RFC entirely because Dr. Perdomo only examined Claimant once. The Court recognizes that the Eleventh Circuit has found that a doctor who examines a patient on only one occasion is neither considered a treating physician nor entitled to great weight. *See Crawford*, 363 F.3d at 1160 (citing *McSwain v. Bowen*, 814 F.2d 617,

619 (11th Cir. 1987); *see also Battles v. SSA, Comm'r*, 749 Fed.Appx. 920, 923 (11th Cir. 2018) citing *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986) ("[u]nlike the opinions of a treating physician, the opinions of an examiner are not entitled to substantial or considerable weight."). The Court, however, is unaware of any authority that permits outright rejection of an examining physician's opinion *strictly* because it is based on a one-time examination without further explanation.

While a one-time examiner is not entitled to special deference, the ALJ is still obligated to consider the opinion, state what weight it is afforded, and explain why. *See McCloud v. Barnhart*, 2006 WL 177576, at *7 (11th Cir. Jan. 25, 2006). "An ALJ may entirely discredit an examining physician's opinion, but he or she must explain themselves accordingly." *Turner v. Colvin*, 2013 WL 5411685, at *5 (N.D. Ala. Sept. 26, 2013) (citing *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985). There was no weight assigned, and the reason for rejection is inadequate.

Finally, Claimant argues that the ALJ "failed to even address Dr. Perdomo's opinion that she needed to use a cane for ambulation." Doc. 17 at 16. In the ALJ's summary of Dr. Perdomo's findings, she mentions that the doctor opined that Claimant "could stand and walk for 1 to 2 hours a day in an 8 hour workday with normal breaks, and use a cane for ambulation." R. 21. The recommendation actually provides that Claimant "should be allowed to use a cane for ambulation at all times." R. 496. But, the ALJ did not include this limitation in the RFC or explain her reasons for not so including it.

"To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p.

Here, Dr. Perdomo, an examining physician, recommended that Claimant should be allowed to use the device and specified the amount of time necessary for the use. As discussed, the ALJ failed to state the weight he assigned to the opinion, if any, and did not give an adequate explanation to the extent the opinion was rejected. In other words, because the ALJ erred in rejecting Dr. Perdomo's opinion or failing to weigh the same, and the assistive device is not included in the RFC, the Court finds that the error is not harmless.

These issues are dispositive and, therefore, it is unnecessary for the Court to address Claimant's remaining argument that the ALJ failed to apply the correct legal standard to Dr. Pena's opinion. See, e.g., *Alexander v. Comm'r of Soc. Sec.*, No. 8:13-cv-1602-T-GJK, 2014 U.S. Dist. LEXIS 118882, 2014 WL 4211311, at *3 n.3 (M.D. Fla. Aug. 26, 2014) (citing *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (stating that on remand the ALJ must reassess the entire record)).

**V.     CONCLUSION.**

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and against the Commissioner and close the case.

**DONE** and **ORDERED** in Orlando, Florida on September 13, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:
The Honorable Pamela Houston
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
3505 Lake Lynda Drive Suite 300
Orlando, FL 32817-9801